CHARLES B. AVERY, District Attorney, Langlade County
You have requested my opinion whether the provisions of sec. 59.07
(21), Stats., are mandatory with respect to the levy to be made by the county board of supervisors for the common school tax.
I am of the opinion that they are, providing there are qualifying school districts within the county or lying partly therein. *Page 350 
Present sections 59.07 and 59.07 (21), Stats., provide in material part:
"59.07 General powers of board. The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:
"* * *
"(21) COMMON SCHOOL TAX. (a) At or before the November meeting each year levy a tax upon the equalized valuation of the county for the aid of the elementary schools of each school district of the county which has levied and placed on the tax rolls of the district for the previous year for the operation and maintenance of schools a tax of not less than 3 mills on the equalized valuation of the district for the year previous to the year of levy for elementary school purposes except where the district operates both elementary and secondary schools the minimum levy shall be 5 mills for both elementary and high school purposes. The county levy shall be sufficient to pay county aids to districts which qualify in an amount not less than $350 per teacher unit operating in the county during the preceding year.
"(b) If a school district lies in more than one county, the county in which such elementary teachers during the preceding year are employed shall be reimbursed by any other county in which the school district lies for its share of such $350 for the number of elementary teachers in the whole district in the ratio which the full valuation of the property of the school district lying in the other county bears to the full valuation of all the property in the district; * * * The clerk of the county receiving such certification shall certify to the clerk of the other county the amount required to be reimbursed and the board of the other county shall levy a tax in such amount in the same manner and by the same method as the tax levied under par. (a). When the tax is collected, it shall be remitted by the treasurer of such other county to the treasurer of the county entitled thereto. `Full valuation' as used in this paragraph means the full valuation prescribed in s. 121.06 (2)." *Page 351 
Prior to 1927, the county school tax was not really a county tax, but represented the amount the county board determined was to be raised in each town for the support of the common schools. Former sec. 59.075, Stats., was created by ch. 536, Laws of 1927, and empowered the county to raise a county tax by levy on all of the property of the county to be apportioned to the school districts within the county. The right to share in State apportionment was conditioned on levy of the county tax. InOconto Co. v. Town of Townsend (1933), 210 Wis. 85, 91-93, 244 N.W. 761,246 N.W. 410, the court held that the levy was optional.
The State Department of Public Instruction has taken the administrative position over a number of years that the provisions of sec. 59.07 (21), Stats., are mandatory.
It is unnecessary to go into the entire interim legislative history other than to state that revisions were made by chapters 143, 178, Laws of 1939; 360, 526, Laws of 1943; 435, Laws of 1945; 178, Laws of 1947; 600, Laws of 1949; 109, 224, Laws of 1951; 651, Laws of 1955; 565, Laws of 1963; and 458, Laws of 1965.
The revisions renumbered sec. 59.075 as sec. 59.07 (21), Stats., which became sec. 59.07 (21) (a), and subsection (b) was also added. Over the years, and especially in 1949, 1951 and 1955 changes, the word "shall" was used increasingly in both subsections (a) and (b), and prior to 1967, subsection (b) ended: "* * * Section 40.71 (5) relating to aid shall apply to any such other county which does not comply with this paragraph."
Section 40.71 (5), 1965 Stats., was a penalty provision which provided:
"(5) COUNTY AIDS. If any county fails to raise for the support of the common schools by taxation, upon the aggregate valuation of the whole county, an amount at least equal to $350 for each public elementary teacher employed in the county, as determined in s. 59.07 (21) and as certified to the county clerk by the state superintendent, and shall fail to apportion to each district such amount for each elementary teacher employer, the aid for the schools of that county *Page 352 
shall be withheld from the next succeeding apportionment except that aid may be apportioned by the state for distribution to all districts which have received a county apportionment for the preceding year."
Section 59.07 (21), Stats., took its present form from the school revision law, ch. 92, Laws of 1967. The reference to the penalty provision was deleted from the last sentence of sec. 59.07 (21) (b), Stats. The Legislative Council note following the section states:
"NOTE: Corrects a cross reference and deletes the last sentence which alludes to a penalty in present law which this act eliminates. See note following s. 121.21 which refers to present s. 40.71 (5)."
The note to subchapter I, which follows sec. 121.21, Stats., states in part:
"NOTE: This subchapter deletes the following provisions:
"Present s. 40.71 (5) deleted. The requirement for a county elementary school tax of $350 per teacher is contained in s. 59.07 (21). The penalty provision in present s. 40.71 (5) is contradictory and is not used." (Emphasis added.)
The legislative history makes it clear that the provisions of sec. 59.07
(21), Stats., are mandatory, providing that there are qualifying school districts within or lying partly within the county.
RWW:RJV